E-FILED
Monday, 04 April, 2022  11:48:22 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **CANDACE VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:22-cv-01107** |
| | ) | |
| **v.** | ) | **Judge:** |
| | ) | |
| **FOX DEVELOPMENTAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT FOR RELIEF

Plaintiff, Candace Vaughn ("Plaintiff") in support of her Complaint against Fox Developmental Center ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq*. ("Title VII"), and Illinois Human Rights Act (775 ILCS5/) ("IHRA") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.    Count V, VI, and VII have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367

5.    All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

    a.    A charge of employment discrimination on basis of race discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit A)

    b.    Notification of the Right to Sue was issued by the EEOC on or about March 16, 2022. (attached hereto as Exhibit B)

    c.    The Original Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

**THE PARTIES**

6.    Plaintiff worked for Defendant as a mental care technician from September 16, 2020 through December 17, 2021.

7.    Defendant operates a residential treatment facility in this judicial district.

8.    Defendant's principal address is listed as 134 West Main Street, Dwight, Illinois, 60601, in Livingston County.

9.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.    During the applicable limitations period, Defendant has had at least fifteen

2

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11.     Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12.     Since at least March 10, 2021 through December 17, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of her race and color violating Section 1981 and Title VII.

13.     Plaintiff identifies as an African American (race) whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14.     Plaintiff is a member of a protected class because of her race (African American).

15.     Plaintiff consistently met Defendant's legitimate job expectations.

16.     Plaintiff suffered multiple adverse employment actions including, but not limited to constructive discharge.

17.     On or about March 10, 2021, Plaintiff and her Caucasian coworker, Angela Smith, had a disagreement while working on unit 3C in the presence of Ms. Smith's paramour, Charles Smith.

18.     Plaintiff attempted to walk away from the situation due to how demeaning and inappropriate Ms. Smith was speaking to her.

19.     However, as the Plaintiff walked away, Ms. Smith followed her, pushing the

3

Plaintiff and locking her out of the nurse's station.

20.     Plaintiff immediately reported the incident to RSS Nurses Resolutions Supervisor Josh Lynn Miles and Yvonne.

21.     As a result, the RSS supervisors did write a report of the incident, but throughout the process, Plaintiff's supervisors treated her as if she was being a nuisance for making the complaint.

22.     This report is in the possession of the Defendant and will be preserved.

23.      Plaintiff's supervisors also failed to address that she was assaulted and disregarded the hospital's zero-tolerance policy on workplace violence.

24.     Plaintiff wanted to press charges against Ms. Smith for assaulting her but Plaintiff's supervisor said that it would not be a valid allegation because there were no witnesses.

25.     This was the first time Plaintiff was treated less favorably than a Caucasian coworker.

26.     The following day Plaintiff was told to come in to work at 8:00 a.m. to speak with Assistant Director Ray Jackson regarding the incident.

27.     At the conclusion of that meeting Plaintiff was reassigned, demoted, and transferred to work in the basement for a month.

28.     Plaintiff was told to do custodial and/or dietary work as a punishment.

29.     Plaintiff was finally sent back to her regular position on her unit on or about April 13, 2021.

30.     In May 2021, another Caucasian coworker, Paula Hertz, would yell at and accost Plaintiff in front of other employees, making her feel worthless, scared, and uncomfortable going to work every day.

4

31.     Plaintiff felt like she had been targeted based on her race because Ms. Hertz did not berate and verbally assault their Caucasian coworkers for no reason like she did to Plaintiff.

32.     Ms. Hertz made it so uncomfortable for the Plaintiff that she requested to be transferred to work on a different unit to try to escape the constant attacks that severely damaged her self-esteem.

33.     On or about December 3, 2021, Plaintiff was talking to Caucasian coworker, Veronica Wilkensen, about her work schedule.

34.     Ms. Wilkensen started angrily arguing with Plaintiff about her work schedule and threatened to call RSS.

35.     Plaintiff responded by saying, "What are you going to tell RSS, that you're treating me unfairly?"

36.     Plaintiff then called RSS to make sure they knew what was happening.

37.     RSS told Plaintiff that she had to listen to Ms. Wilkensen.

38.     Plaintiff was so disturbed by the day's events that she took the rest of the day off.

39.     When Plaintiff told Ms. Wilkensen that she was going home for the day, Ms. Wilkensen told her lead nurse, "I can't stand working with black women".

40.     Plaintiff wrote a letter to her supervisor, Josh Lynn Miles, regarding Ms. Wilkensen's racist comment and combative treatment toward her.

41.     In her letter, Plaintiff described how she was afraid, uncomfortable, and stressed every day that she had to go to work because of how terribly she was treated.

42.     Ms. Wilkensen's comment indicated that the way she treated the Plaintiff was due to the color of Plaintiff's skin.

43.     After reading Plaintiff's letter, Supervisor Miles told Plaintiff, "there were no

witnesses, nothing was said, and so nothing can be done".

44.     This letter is in the possession of the Defendant and shall be preserved.

45.     Plaintiff realized that the only way to escape the severe and pervasive treatment she was being subjected to was to resign from her position.

46.     As a result of Plaintiff's employer's failure to protect her from the discrimination she continued to be subjected to, Plaintiff suffered a constructive discharge.

47.     Plaintiff's race was the direct and indirect cause of the harassment.

48.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor (Josh Lynn Miles) about the discrimination she was subjected to.

49.     Other similarly situated individuals who were not in Plaintiff's protected class and who did not engage in statutorily protected activity were treated more favorably because she was told to do custodial/dietary work, reassigned, demoted, and transferred to another unit in retaliation for complaining of racial discrimination.

50.     Plaintiff is able to show that she participated in protected activity under Title VII and the IHRA and that Defendant retaliated against her for doing so.

## COUNT I
### Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

51.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

52.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all

6

benefits, privileges, terms, and conditions of the contractual relationship.

53.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

54.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

55.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

56.     Plaintiff demands this count be tried by a jury.

## COUNT II
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

57.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

58.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

60.     As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

61.     By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is

entitled to all legal and equitable remedies under Title VII.

62.     Plaintiff demands that this count be tried by a jury.

## COUNT III
### Demand for Relief for Race-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

64.     By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65.     Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Title VII of the Civil Rights Act of 1964.

66.     As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

67.     At all relevant times, Defendant was aware of the aforementioned race-based harassment and hostile work environment, yet Defendant took no action to remedy the unlawful race-based harassment and hostile work environment.

68.     By reason of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

69.     Plaintiff demands that this count be tried by a jury.

## COUNT IV
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

70.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

71.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination and assault, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

72.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

73.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

74.     By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

75.     Plaintiff demands that this count be tried by a jury.

## <u>COUNT V</u>
**Demand for Relief for Race-Based Discrimination in Violation of Illinois Human Rights Act (775 ILCS5/)**

76.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

77.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American, in violation of Illinois Human Rights Act (775 ILCS5/).

78.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Illinois Human Rights Act (775 ILCS5/).

79.     As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

80.     By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Illinois Human Rights Act (775 ILCS5/).

81.     Plaintiff demands that this count be tried by a jury.

**COUNT VI**
**Demand for Relief for Race-Based Hostile Work Environment in Violation Illinois Human Rights Act (775 ILCS5/).**

82.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

83.     By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on her race, in violation of Illinois Human Rights Act (775 ILCS5/).

84.     Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Illinois Human Rights Act (775 ILCS5/).

85.     As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

86.     At all relevant times, Defendant was aware of the aforementioned race-based harassment and hostile work environment, yet Defendant took no action to remedy the unlawful race-based harassment and hostile work environment.

87.     By reason of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Illinois Human Rights Act (775 ILCS5/).

88.     Plaintiff demands that this count be tried by a jury.

**COUNT VII**
**Demand for Relief for Retaliation in Violation of Illinois Human Rights Act (775 ILCS5/).**

89.     Plaintiff re-incorporates by this reference the allegations contained in all preceding

10

paragraphs of this Complaint as if more fully set forth herein.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination and assault, thereby violating Illinois Human Rights Act (775 ILCS5/).

91.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Illinois Human Rights Act (775 ILCS5/).

92.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

93.     By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Illinois Human Rights Act (775 ILCS5/).

94.     Plaintiff demands that this count be tried by a jury.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Damages sufficient to compensate Plaintiff for her injuries;

B.     Back Pay;

C.     Emotional Distress Damages;

D.     Pre-judgment and post-judgment interest;

E.     Punitive damages;

F.     Reasonable attorney's fees;

G.     An award of litigation costs and expenses; and

H.     Any and all other relief that this Honorable Court may deem just and equitable.

Dated April 4, 2022

Respectfully submitted,

s/ Nathan C. Volheim
**Nathan C. Volheim, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com