IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CANDACE VAUGHN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No.  22-cv-1107-JBM-JEH ) |
| FOX DEVELOPMENTAL CENTER, | ) ) |
| Defendant. | ) ) |

**MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT**

NOW COMES Defendant, FOX DEVELOPMENTAL CENTER, by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, and moves pursuant to Fed. R. Civ. P. 56 for summary judgment. In support thereof, Defendant states the following:

**Introduction**

Candace Vaughn (Plaintiff), who worked at Fox Developmental Center (Fox), alleges she has been discriminated and retaliated against by the Illinois Department of Human Services (referenced as the Department or DHS). (Doc. 1) Specifically, Plaintiff, who is black, claims that she was treated differently than her white counterparts. (Doc. 16). Plaintiff alleges she was subject to racial discrimination, a hostile work environment based on race, and retaliation. *Id*.

After discovery, it is clear that DHS is not liable for racial discrimination, a hostile work environment, or retaliation. For these reasons, as argued below, Defendant is entitled to summary judgment in its favor.

**Undisputed Material Facts**

1. Plaintiff was hired by Fox in September 2020. *See* Deposition Transcript of Candace Vaughn, June 15, 2023, attached as Exhibit 1, at page 9.

2. Plaintiff began as a Mental Health Technician, which is a trainee position. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 13.

3. In March of 2021, an incident between Plaintiff and Angela Smith, a white coworker, occurred where both parties were yelling at each other. Angela Smith shut the door on Plaintiff. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 30-31; Dep. Tr. OF Angela Smith, June 9, 2023, attached as **Exhibit 2**, at 20-24.

4. Plaintiff was given a reprimand and reassigned for her conduct in the March 2021 incident. Angela Smith was suspended and also reassigned for her role in the incident. Dep. Tr. Of Rochelle Jackson, June 13, 2023, attached as **Exhibit 3**, at 30-31.

5. Plaintiff also complained about Paula Hertz but acknowledged that Paula was rude to everyone. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 44.

6. On December 3, 2021, an incident occurred between Plaintiff and Veronica Wilkinson. Plaintiff only wanted to care for one individual but was told by Veronica Wilkinson that she was supposed to care for a group. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 19-24; *See* Memorandum regarding December 3, 2021 Incident, attached as Exhibit 4, pg. 3.

7. During her deposition, Plaintiff acknowledged that a tech would have to be responsible for more than one person at a time. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 22-23.

8. Plaintiff put her two week notice in on December 3, 2021, and designated her final day as December 17, 2021. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 24-26; Memo regarding incident of December 3, 2021, attached as **Exhibit 4**, pg. 4.

9. Plaintiff believed that because her two-week notice was not in a separate notice, it was not a valid two week notice. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 26.

10. Subsequently, Plaintiff decided that she wanted to continue her employment. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 27.

11. December 17, 2021, was the first time Plaintiff communicated that she wanted to remain employed with DHS at Fox. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 51.

12. However, because Plaintiff waited until just the day before her last day to withdraw her resignation, it was not accepted. The reason being is that first the facility director must approve, then the Secretary of Illinois Department of Human Service has to approve. It's a lengthy process difficult to achieve in just one day. Dep. Tr. Of Rochelle Jackson, June 13, 2023, attached as **Exhibit 3**, at 68-69.

13. No one else had resigned then attempted to withdraw so no one else was ever denied before. Dep. Tr. Of Rochelle Jackson, June 13, 2023, attached as **Exhibit 3**, at 56-57.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). "[T]he district court's function is not to

weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 744 (7th Cir. 2007).

In making this determination, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing "[i]nferences that are supported by only speculation or conjecture." *Singer*, 593 F.3d at 533 (quoting *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008). In addition, the Court "need not accept as true a plaintiff's *characterization* of the facts or a plaintiff's legal conclusions." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. Ill. 2010) (McCuskey, J.) (emphasis in original).

"The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Specifically, to survive summary judgment, "the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007) (citing *Celotex Corp.*, 477 U.S. at 322-23).

Here, summary judgment should be granted in favor of Defendant because Plaintiff has not presented sufficient evidence to proceed to trial on her claims.

Argument

**A. Plaintiff cannot show Defendant discriminated against her based upon the undisputed material facts of this suit.**

When analyzing discrimination claims, the Seventh Circuit has held the "singular question" for the district court is whether the plaintiff has introduced evidence that would "permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Purtue v. Wis. Dep't of Corr.*, 963 F. 3d 598, 602 (7th Cir. 2020); *see also Singmuongthong v. Bowen*, __ F.4th __, 2023 U.S. App. LEXIS 20540 (7th Cir. 2023) (focus on summary judgment is whether the evidence permits a factfinder to conclude the plaintiff was subjected to an adverse employment action based upon a prohibited factor such as race). Although the Seventh Circuit has abandoned the long-standing practice of distinguishing between "direct" and "indirect" evidence in analyzing employment discrimination claims, courts still use the direct and indirect methods as a means of organizing and presenting circumstantial evidence in these types of cases. *Grant v. Trs. of Indiana Univ.*, 870 F.3d 562, 569 (7th Cir. 2017); *Williams v. Bd. of Educ. of the City of Chicago*, 982 F.3d 495, 508-509 (7th Cir. 2020).

In order to make out a case of discrimination, a plaintiff must provide either direct or circumstantial evidence that supports an inference of intentional discrimination. *Joll v. Valparasio Cmty. Sch.*, 953 F.3d 923, 929 (7th Cir. 2020). The Seventh Circuit has identified three broad categories of circumstantial evidence that will support an inference of intentional discrimination: ambiguous or suggestive comments or conduct; better treatment of people similarly situated but for the protected characteristic; and dishonest employer justifications for disparate treatment. *Id.* Circumstantial evidence "must paint a 'convincing mosaic'" that would permit a reasonable jury

to infer an overall likelihood of discrimination that merits a trial, not summary judgment. *Id*; *see also Chalib v. Geo Group, Inc.*, 819 F.3d 337, 342 (7th Cir. 2016). An overload of irrelevant or nonprobative facts, however, does not add up to relevant evidence of discriminatory intent. *Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759, 763 (7th Cir. 2001).

If a plaintiff does not rely on direct or circumstantial evidence, she can rely on the *McDonnell Douglas* burden shifting framework. *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 360 (7th Cir. 2019); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). With this framework, the plaintiff has the initial burden of establishing a prime facie case of discrimination, which involves showing that (1) she is a member of a protected class, (2) her job performance met the employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff. *LaRiviere*, 926 F.3d at 360. If the plaintiff establishes her prima facie case of discrimination, the burden shifts to the employer to offer a nondiscriminatory motive, and if the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext. *Gamble v. FCA US LLC*, 993 F.3d 534, 537 (7th Cir. 2021).

Disparate treatment occurs when a plaintiff is intentionally treated less favorably than others because of her race, color, religion, sex, or national origin. *Vitug v. Multistate Tax Com'n*, 88 F.3d 506, 513 (7th Cir. 1996). Thus, a plaintiff must prove the defendant acted with actual discriminatory intent in order to succeed on a claim for disparate treatment. *Id.* Although it is undisputed that Plaintiff is a member of a protected class, Plaintiff fails to produce evidence that Defendant discriminated against her and intended to discriminate against her because of her race.

Plaintiff cannot meet a burden on any of the options available to her. Plaintiff cannot establish that race was a factor in the incidents at issue in this suit. Under the alternative route,

Plaintiff cannot establish a prima facie case of discrimination. Here, Plaintiff relies exclusively on her own statement that "rumors" support her belief that Defendant racially discriminated against her. She can point to no other evidence that proves her claim. There was the incident between her and Angela Smith, a white coworker. However, following that incident Angela Smith was punished more severely than Plaintiff was. Both were reassigned but Plaintiff was only given a written reprimand while Angela Smith was suspended. That incident does nothing to support a claim of discrimination. Plaintiff also believes that Paula Hertz engaged in discrimination but cannot point to any other employee who was treated more favorably and further admitted that Paula was rude to everyone not just Plaintiff. Finally, Plaintiff claims that she was discriminated against because she was given more than one person to care for on December 3, 2021. However, even Plaintiff acknowledges that only caring for one person was not a normal occurrence. Instead, it was common to care for a group.

For these reasons, Plaintiff has not been able to produce any evidence that as a member of a protected class she was treated differently than another member of the protected class. For this reason, Defendant is entitled to Summary Judgment as to Plaintiff's Count I.

**B. Plaintiff was not subject to a hostile work environment.**

As a matter of law, Plaintiff cannot show that she was subjected to unwelcomed harassment based on her race so as to create a hostile work environment and this harassment was so severe and pervasive that it altered the conditions of her employment.

To prove a claim for hostile work environment, the employee must show: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile or abusive working environment; and (4) there is a basis for employer liability. *Smith v. Ill. Dep't of*

*Transp.*, 936 F.3d 554, 560 (7th Cir. 2019.) Harassment sufficiently severe or pervasive to alter the terms and conditions of employment is actionable under Title VII as a claim of hostile work environment. *Porter v. Erie Foods Int'l Inc.*, 576 F. 3d 629, 634 (7th Cir. 2009).

Here again, Plaintiff has not been able to produce any evidence that she was subject to a hostile work environment. At best, Plaintiff has established that there are "rumors" that Defendant operates in a manner that could be considered a hostile work environment. For this reason, Defendant is entitled to Summary Judgment as to Counts II and III.

**C. Plaintiff cannot establish that she was subject to unlawful retaliation.**

For her retaliation claim, Plaintiff must demonstrate (1) she engaged in statutorily protected activity, (2) DHS took a materially adverse action against her; and (3) the protected activity and the adverse action are causally connected. *Robinson v. Perales*, 894 F.3d 818, 830 (7th Cir. 2018); *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1019 (7th Cir. 2016); 42 U.S.C. § 2000e-3(a). To survive summary judgment, she has to at least provide evidence to permit a reasonable factfinder to conclude that her engagement in protected activity caused a materially adverse employment action. *Fields v. Bd. Educ.*, 928 F.3d 622, 626 (7th Cir. 2019). In this case, Plaintiff cannot put forth sufficient facts to survive a motion for summary judgment.

  1. **Plaintiff did not sufficiently complain about her treatment to be considered to have engaged in a protected activity.**

"Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir. 2006) (internal citations omitted). If Plaintiff merely complains about disparate treatment internally but does not offer specifics and facts connecting being in a private class to specific disparate treatment, then

Plaintiff did not engage in a protected activity. *Downes v. Board of Trustees*, No. 19-cv-1411, 2023 U.S. Dist. LEXIS 40595, at *32 (C.D. Ill. Mar. 9, 2023). The plaintiff in *Downes* complained to his employer's internal EEO. *Id* at 12-13. In essence, the Courts have held that vague assertions of discrimination do not meet the standard of the first element of a claim of retaliation.

Here, Plaintiff only complained to her employer in the loosest and vaguest terms. Her statements essentially amounted to nothing more than saying she did not appreciate the environment at work and her treatment had to be because of race. However, Plaintiff cannot point to anything specific and merely says "rumors" when discussing why she feels she suffered discrimination rooted in racism. Dep. Tr. Of Candace Vaughn, June 15, 2023, attached as **Exhibit 1**, at 16-17.

During her deposition, Plaintiff fails to pinpoint any actionable complaints she made and then further fails to connect them to her race. Plaintiff claims that because she had made a number of complaints against other employees, that was not allowed to rescind her resignation. However, Plaintiff cannot produce any evidence that is true. Conversely, Defendant has offered that no one has ever attempted to withdraw their resignation at Fox before. Further, that waiting until the last day to have the discussion to withdraw created an impossibility that there was not enough time to withdraw the resignation because the required steps could not be achieved in just one day. The Fox Director would have had to approve the rescission as well as the Secretary of DHS.

I. **Assuming Plaintiff did engage in protected activity, she cannot establish DHS's actions were causally connected to the protected activity.**

To prove causation, Plaintiff must present evidence showing "the desire to retaliate was the but-for cause of the challenged employment action." *Gracia*, 842 F.3d at 1019 (quoting *Univ. of Texas Sw. Med. Ctr. V. Nassar*, 470 U.S. 338, 352 (2013)). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the

employer." *Nassar*, 570 U.S. at 360. To prove a claim, Plaintiff must muster enough direct and/or circumstantial evidence "to show that her employer's action was retaliatory." *Huff v. Buttigieg*, 42 F.4th 638, 646 (7th Cir. 2022).

Here, Plaintiff has not, and cannot, offer up evidence that Defendant's motivation for declining to approve the rescission of her resignation was based on her making complaints. Instead, the evidence proves that due to only having one day to rescind there was an impossibility. Neither can Plaintiff point to another employee that was able to rescind. For these reasons, Defendant is entitled to summary judgment as to Count IV of Plaintiff's complaint.

## Conclusion

Accordingly, Plaintiff has failed to provide enough evidence that she has met the elements of any of her claims. Specifically, Plaintiff has failed to provide sufficient evidence that she was treated differently than white employees, that she was subjected to a severe and pervasive work environment, and that she engaged in a protected activity. For these reasons, there is not a genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

Wherefore, the Defendant respectfully prays this Court grant its motion and enter summary judgment in favor of Defendant.

    Respectfully submitted,

    FOX DEVELOPMENTAL CENTER,

      Defendant,

    KWAME RAOUL, Attorney General,
    State of Illinois,

                    Attorney for Defendant

By:   /s/Robert Hogue
      Robert Hogue #6318000
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois 62701
      (217) 782-5819 Phone
      (217) 524-5091 Fax
      Robert.hogue@ilag.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CANDACE VAUGHN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 22-cv-1107-JBM-JEH |
| FOX DEVELOPMENTAL CENTER, | ) ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, the foregoing document, ***Defendant's Motion for Summary Judgment***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nathan C. Volheim – nvolheim@sulaimanlaw.com

NONE

Respectfully Submitted,

s/Robert Hogue
Robert Hogue #6318000
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Robert.hogue@ilag.gov